# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE

| | | |
|---|---|---|
| JOSE LUIS USCANGA -BELTRAN | ) | |
| | ) | No. 2:08-CV-92 |
| v. | ) | No. 2:04-CR-29 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Jose L. Uscanga-Beltran ("petitioner"), a federal prisoner. [Doc. 120]. Because the petitioner's motion is untimely under the Antiterrorism And Effective Death Penalty Act of 1996, Pub. L. No. 104-143, 110 Stat. 1214(April 24, 1996), which allows prisoners one year after their convictions become final to file motions under 28 U.S.C. § 2255, it will be summarily denied.

I.  **Procedural and Factual Background**

On April 20, 2004, petitioner was indicted by the federal grand jury on charges of conspiring to distribute and possess with the intent to distribute cocaine and marijuana, distribution of cocaine and using and carrying a firearm in relation to a

drug trafficking offense. (Counts 3,4,5, & 7). He entered a plea of guilty on counts 3&7 on June 28, 2004. On March 14, 2005, he was sentenced to 97 months imprisonment and judgment was entered on March 17, 2005. On June 5, 2006, petitioner filed a motion for extension of time in which to file a notice of appeal in which he alleged that he had not received a copy of the judgment until February 13, 2006. This Court denied the motion as untimely and petitioner appealed. This Court's order was affirmed by the Sixth Circuit on July 30, 2007.

Petitioner then filed the instant motion on March 20, 2008, almost three years after the entry of the judgment of conviction had become final. In his motion, petitioner raises several claims of ineffective assistance of counsel, objects to certain Guidelines enhancements and his failure to receive benefit of the safety valve and advances various arguments for a downward departure.

**II.   Analysis and Discussion**

Section 2255 of Title 28 of the United States Code contains a one year period of limitation for motions to vacate, set aside or correct sentences. Petitioner's motion is untimely. Section 2255 provides, in part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of ----
> (1) the date on which the judgment of conviction becomes final;

2

> (2) the date on which the impediment to make a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)

Petitioner, recognizing his statute of limitations problem, appears to argue that § 2255(f)(3) applies to his case. He references what he calls "the new substantive Rule of Constitutional Law announced in *Blakely v. Washington*, 124 S. Ct. 2531 (2004)" which, he argues, was "made expressly applicable" to his case by *United States v. Booker* and *United States v. Fanfan*. He urges the Court to apply *Booker/Fanfan* retroactively to his case. Petitioner's argument lacks merit.

The Sixth Circuit has held that *Booker* does not apply retroactively to challenges under § 2255 to criminal cases that became final before January 12, 2005, the date *Booker* was issued. *Valentine v. United States*, 488 F.3d 325, 331 (6th Cir. 2007); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Other circuits have also held that *Booker* does not apply retroactively to cases on collateral review.

*See Guzman v. United States*, 404 F.3d 139 (2nd Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005); *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005); *United States v. Gentry*, 432 F.3d 600 (5th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005). *Booker,* therefore, affords to petitioner no help and his petition is barred by the statute of limitations.

## III. Conclusion

As noted above, judgment was entered in this case on March 17, 2005. An unappealed federal criminal judgment becomes final ten (10) days after it is entered. *Sanchez–Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Even if the ten day period is counted from February 13, 2006, the date petitioner alleges he finally received a copy of the judgment, more than two years elapsed before the filing of his § 2255 petition. Neither §§ (2), (3) or (4) of § 2255(f) apply to save petitioner's motion from the bar of the statute of limitations. Accordingly, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** and his petition **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must decide whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance

of blanket denials of a certificates of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*. at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to each issue raised by him.

A separate order will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE